## BURNHAM *against* HOTCHKISS and others.

Whether certain acts done within the limits of a highway, are a nuisance or not, is a question of fact for the jury.

To determine this question, the jury are to enquire whether the highway has, by such acts, been rendered less commodious to the public.

The erection of a wall on a part of the highway, is not, of course, a nuisance, without reference to any other circumstances tending to qualify the act.

A common nuisance may be abated by any individual.

Where the jury, in an action of trespass, were instructed, that if the acts in question were done in the highway, and the public travel was thereby actually obstructed, hindered or endangered, the defendant, as an individual, was justified in removing the obstruction; and the jury found for the plaintiff; it was held, that the defendant was not entitled to a new trial on the ground of a misdirection. [By three judges against two.]

THIS was an action of trespass, in two counts; the first *quare clausum fregit*, the other *de bonis asportatis*. The defendants pleaded, severally, *not guilty*, with notice to the following effect: That at the time when the acts complained of were done, there was, and from time immemorial had been, a public highway through the premises described in the declaration, being in the town of *Derby*, for all the citizens of this state to pass and repass, at all times in the year; that it was the duty of that town to keep and maintain such highway in sufficient repair; that the *locus in quo* was part of such highway; that at the time of the alleged trespass, said highway was incumbered and obstructed, by a stone wall, and by

stones and boards previously erected and placed thereon; that said highway was then in need of repairs to render it safe and convenient for travellers and teams; and that thereupon the defendants, being inhabitants of said town of *Derby*, by the advice and direction of *Sheldon Smith*, one of the select-men and agent of said town, and *Levi Hotchkiss*, one of the surveyors of highways in said town, within whose district said highway then was, for the purpose of removing said incumbrances and obstructions, and of repairing said highway, entered thereon, and pulled down and levelled said wall, and removed the stones and boards so obstructing and incumbering said highway to a convenient distance, doing no unnecessary injury thereto, and necessarily ploughed up and scraped the earth and trod down the herbage there growing; which are the same trespasses, &c.

The cause was tried at *New-Haven, January* term, 1841, before *Storrs*, J.

At the time of the alleged trespasses, the *locus in quo* was, and for some time previously had been, an unenclosed space of ground, either part of or adjoining to a public highway in the town of *Derby*. About a month previous to the time referred to, the plaintiff entered upon the premises, dug a cellar therein and carried stones thereon, with which he erected a cellar wall, and commenced the building of a barn thereon. While he was engaged in building this barn, *Levi Hotchkiss*, one of the defendants, who was a legally appointed surveyor of highways for the town of *Derby*, as such surveyor, and the rest of the defendants, by his direction, entered upon the premises, claiming that they were a part of the highway, and that repairs were required thereon, and took down the wall, and filled up the cellar.

The plaintiff claimed and offered evidence to prove, that, at this time, he was in the actual and peaceable possession of the *locus in quo*, and the owner thereof in fee. The defendants claimed to have proved the reverse of this; and also, that the *locus in quo* was a part of the highway, which required repairs; that the acts of the defendants were done, by *Hotchkiss*, as surveyor, and the other defendants, under his direction, for the purpose of making such repairs; that such acts were necessary for that purpose; and that in so doing, they did no unnecessary damage to the plaintiff.

The plaintiff claimed to have proved, that the *locus in quo* was not then a part of the highway ; and that if it was, the defendants, in committing said acts, did unnecessary damage to the plaintiff.

*New-Haven.*
July, 1841.

Burnham
*v.*
Hotchkiss.

The defendants claimed, and requested the court to charge the jury, that if the *locus in quo* was a part of the highway, at the time when the acts complained of were done, the defendants were justified in entering thereon and doing such acts, provided that in so doing, they did no unnecessary damage to the plaintiff, although said wall and cellar were not upon the travelled part of the highway, and did not obstruct, hinder or endanger the public travel thereon, and whether they did, or did not, enter and do said acts under the direction of said surveyor, or for the purpose claimed.

The court charged the jury, that in order to recover, it was necessary for the plaintiff to prove, that he was in the actual and peaceable possession of the *locus in quo*, at the time of the commission of said acts, by the defendants ; that such possession was of itself a sufficient title to enable the plaintiff to recover as against any one but the owner, or some person having legal authority to enter on the premises ; that if the plaintiff was proved to be the owner of the premises, and no other person was shown to be in the actual possession thereof, the plaintiff was by law deemed to be in the actual possession, so as to be able to maintain this action ; that if the plaintiff was so in possession of the premises, the defendants were liable for entering thereon, and doing said acts, unless there was then a public highway there, and *Hotchkiss*, and the other defendants, by his authority, as such surveyor, entered thereon and did said acts, for the purpose of repairing said highway ; or unless the public travel on said highway was, by reason of said wall and cellar, actually obstructed, hindered or endangered ; in either of which cases, they were justified in doing said acts, provided that in so doing, they did no unnecessary damage to the plaintiff ; but if, in either case, they did unnecessary damage to the plaintiff, they were liable for such damage.   The court also instructed the jury, to return their verdict on each count of the declaration separately, as they should find it proved, or not proved, unless they should find both counts proved, or not proved, when they might find

a general verdict accordingly on the whole declaration, or on each count separately.

The jury returned a general verdict for the plaintiff; and the defendants moved for a new trial for a misdirection.

*Kimberly,* in support of the motion, without insisting on the justification of the defendants founded on the authority of the surveyor, contended, That they, as individuals, had a right to remove obstructions or incumbrances from the highway, although they were not upon the travelled part of it, and did not actually obstruct the public travel.

In the first place, every encroachment or incumbrance upon the highway, unnecessarily and unreasonably continued, is a public nuisance at common law. Every part of the highway is dedicated to public use; and no practical use of any portion of it, by travellers, disfranchises the rest. 1 *Hawk. P. C.* 365. 16 *Vin. Abr. tit.* Nuisance, W. 3 *Burns' Just.* 222. 10 *Petersd. Abr.* 340. 2 *Sw. Dig.* 351. *The King* v. *Russell,* 6 *East,* 427. *The King* v. *Jones,* 3 *Campb.* 230. *Dimmett* & al. v. *Eskridge,* 6 *Munf.* 308. *The Commonwealth* v. *Wilkinson,* 16 *Pick.* 175. *Hart* v. *Albany,* 9 *Wend.* 572. 584. 589. *The State* v. *Knapp,* 6 *Conn. Rep.* 418.

Secondly, if such incumbrance be a common nuisance, it is the subject of indictment, or it may be abated or removed by any individual. 16 *Vin. Abr. tit.* Nuisance. T. *pl.* 3. W. *pl.* 4. *James* v. *Hayward, Cro. Car.* 185. *Lodie* v. *Arnold,* 2 *Salk.* 488. *Hart* v. *Albany,* 9 *Wend.* 589. *State* v. *Knapp,* 6 *Conn. Rep.* 418. *Young* v. *Hall, cor. Daggett,* J. New-Haven county, *January* term 1830. *Porter* v. *Leavenworth, cor. Church,* J. same county, *January* term 1835.

Thirdly, our statute has not abrogated the common law, but, in this particular, is declaratory of it. It declares, that every erection which endangers the public travel, and every incumbrance upon the highway, is a nuisance; and it authorizes any individual (whether especially aggrieved or not,) to remove it. *Stat.* 479. (ed. 1838.)

*Baldwin,* contra, insisted, 1. That the case had been properly disposed of, aside from the question discussed by the defendant's counsel. There was no controversy as to the acts done by the defendants, nor as to the character of *Hotch-*

*kiss* as surveyor ; but the plaintiff claimed, that he owned the *locus in quo* in fee ; and that, whether he did or not, the defendants did unnecessary damage, so as to make them trespassers *ab initio*. One or both of the facts, the jury have found in the plaintiff's favour. Does not this finding make an end of the case ?

2. That if necessary to consider the right of the defendants, as individuals, to abate a public nuisance, the charge of the court was right. An individual has no right, either at common law or by our statute, to abate, as a public nuisance, any thing placed on a highway, by an adjoining proprietor, which neither obstructs, hinders nor endangers the public travel. 1 *Hawk. P. C.* 404. 360. 1 *Russ. Cr.* 461. *James* v. *Hayward*, Cro. Car. 184. *The King* v. *Russell*, 6 *East*, 427. 3 *Bla. Com.* 5. All the cases declaring the subject of litigation to be a nuisance, are cases of *actual obstruction*. In *James* v. *Hayward*, which is the leading case, the plaintiff had placed a gate *across* the highway, so that the king's subjects could not pass *without interruption*, although it was hung upon hinges and not locked. In *The King* v. *Russell*, there was an *actual obstruction* upon the highway, so that no carriages could pass on that side of the street, and even foot passengers were incommoded. The case of *The King* v. *Cross*, 3 *Campb.* 224. is similar, in this respect. In *Tomlinson* v. *Leavenworth*, 2 *Conn. Rep.* 292. the defendant had erected *a fence across* the highway. *Gould*, J. said : " The facts disclosed, show that the obstruction was a nuisance ; as it extended *across the whole highway*, and rendered it *impassable*." P. 298. In *Bartlett* v. *Evarts*, 8 *Conn. Rep.* 523. 526. *Williams*, J. remarked : " That the shop &c. were in the highway, and *obstructed* the public travel, were facts alleged in the declaration, and unless established by proof, the plaintiff could not recover." The instances of nuisance specified and arranged by Lord *Hale*, are all instances of *actual obstruction* or *inconvenience*. *Harg. L. T.* 85. But many of the erections on our public highways, are great public *conveniences ;* such as walls on the sides of declivities, posts and rails to protect side-walks, &c. When such is their only use or effect, they are not nuisances ; though they may become such, by being so placed as to obstruct the public travel.

A simple encroachment on the highway, not obstructing

*New-Haven,*
*July, 1841.*

*Burnham*
*v.*
*Hotchkiss.*

the public travel, is made by statute a distinct subject of regulation ; and is removable, by the select-men or a committee appointed for that purpose, giving previous notice.    *Stat.* 362. *tit.* 71. *s.* 2.

WILLIAMS, Ch. J.    This was an action of trespass, to which the defendants pleaded the general issue, and gave notice, that they should prove, that the place in which the acts were done, was a public highway, which was obstructed by a stone wall, on which boards were erected and placed ; and that the defendants, one of whom was a surveyor, entered thereon, with authority to repair said highway, and pulled down and levelled the wall, and removed the stone and boards, as they had right to do.    The court instructed the jury, that if the plaintiff was owner and in possession, as he claimed, the defendants were liable, unless there was a public highway there, and the defendants did said acts under authority of said surveyor, to repair the same ; or unless the public travel was, by reason of said wall &c., actually obstructed, hindered, or endangered ; in either of which cases, the defendants were justified, if they did no unnecessary damage.    The verdict being for the plaintiff, the defendants except to this part of the charge, and claim, that if the wall &c. were over the line of the highway, they, as individuals, might enter and destroy them ; and that the judge should so have charged the jury.

It would seem from the motion, that the question now made, could hardly have arisen upon the points at issue to the jury.    These four questions seem to have been made. 1. As to the possession and ownership of the plaintiff.    2. Whether the *locus in quo* was a part of the highway.    3. Whether the acts done were by authority of a proper officer, to repair a highway.    And 4. whether in doing such acts, any unnecessary damage was done.    The plaintiff, so far as respects the defence, only claimed to prove, that the place was not part of the highway, and that unnecessary damage was done.    It does not appear, that the rights of the defendants, as individuals, to do the acts, was at all made a question, until the judge was requested to notice the point in his charge. The court, however, suppose, that as the facts under which the defendants justify, are placed upon the record by the notice, they are at liberty to protect themselves, either as

individuals, or as public agents, if the facts thus disclosed are
sufficient for that purpose.

The claim now made by the defendants, is, that although they may have failed in proving their public authority, yet, as individuals, they were justified in what they have done. The question then is, was this a nuisance, liable to be abated ; and was the question presented to the jury, in such a manner, that the defendants have had the full benefit of their legal rights ?

A nuisance, in its most general signification, says the eloquent commentator on the *English* law, is any thing which worketh hurt, inconvenience or damage. 3 *Bla. Com.* 216. A common nuisance is that which worketh such hurt to the citizens at large. It may be such from its noxious qualities, as when it corrupts the air, as a brew-house, a glass-house, &c. *Aldred's* case, 9 *Co.* 57. 2 *Salk.* 458. & seq. It may become such from its location, as gates across, or logs, rubbish &c. in the highway. *Fowler* v. *Sanders, Cro. Jac.* 446. Keeping droves of swine in a city. *Regina* v. *Wigg,* 2 *Salk.* 460. It may be such from its tendency, as collecting multitudes for no useful purpose, but rather to subvert the morals, as rope-dancing, gaming-houses, bawdy-houses, &c. *The King* v. *Betterton* & al. 5 *Mod.* 142. *Hall's* case, 1 *Mod.* 76. 1 *Hawk. P. C. c.* 75. *s.* 6. Some of these are nuisances *per se ;* and some are made so, by circumstances connected with them. Trades of certain kinds may be nuisances in cities, which are not so in more sparse settlements. And in highways, any thing done (says *Hawkins*) making them less commodious to the king's people, is a common nuisance. 1 *Hawk. P. C. c.* 76. *s.* 48. So is any thing impeding the free passage of the public without necessity, or any unauthorized obstruction, to the annoyance of the public. *The King* v. *Russell,* 6 *East,* 427. *The King* v. *Cross,* 3 *Campb.* 224. 227. In many of these cases, every thing depends on time and circumstances. Thus, a coach may stop in the public street to take in or return its passengers ; but it may not stand in the highway to ply for passengers. *The King* v. *Cross,* above cited. So a man may unload his goods from a cart at his door ; but he may not use the street to transact his ordinary business. *The King* v. *Russell,* above cited. In many of these cases, the triers are to examine all the circumstances, to determine the

character of the act itself. It follows, therefore, that whether nuisance or not, is a question of fact for the jury, and not a question of law for the court; and so are the authorities. Sir *Matthew Hale* says, whether it be a nuisance or not, is *questio facti* to be determined by a jury upon evidence, and not *questio juris. Harg. L. T.* 85. And in *The King* v. *Morris,* 1 *Barn. & Ad.* 441. whether a railway was an obstruction to a highway on which it was placed, was, says Lord *Tenterden,* a question of fact properly left to the jury. And this is recognized in *The King* v. *Ward,* 4 *Ad. & El.* 384.

We consider it also settled, as is claimed by the defendants, that a common nuisance may be removed, or, in legal language, abated, by any individual. Any man, says Lord *Hale,* may justify the removal of a common nuisance, either on land or by water; because every man is concerned in it. *Harg. L. T.* 87, 8. 1 *Hawk. P. C. c.* 76. *s.* 61. *James* v. *Hayward, Cro. Car.* 184. *Lodie* v. *Arnold,* 2 *Salk.* 458. *Hart* v. *Mayor of Albany,* 9 *Wend.* 571. 589. And our statute is in affirmance of the common law on this point.

The defendants, then, whether acting under the direction of a surveyor, as they claim in their notice, or as individuals, as they now claim, were justified in removing this wall &c., if it was a common nuisance ; and the only remaining question is, whether the latter claim was fully presented to the jury. The jury were told, that if the wall &c. was in the highway, and the public travel was thereby actually obstructed, hindered or endangered, the defendants were justified. The case has been argued before us, as if the judge had told the jury, that the obstruction must be in the *travelled path ;* and to show the law to be otherwise, the case of *The Commonwealth* v. *Wilkinson,* 16 *Pick.* 175. is cited. Lord *Coke* also tells us, that a *purpresture* or unlawful enclosure, is properly where there is a house builded on, or an enclosure made of, any part of the king's domain, or of an highway or a common street. *Co. Litt.* 277. *b.* And when the court, in this case, spoke of the public travel in the highway being obstructed, it did not speak of the *travelled path* in the highway, but of an obstruction on any part of the land devoted to the public for a highway ; and the judge did not intend to limit it to the travelled path, and we think that such is not the fair construction of the charge.

It is said, that the court should have instructed the jury, as a matter of law, that if they found this wall and these boards were over the line of the highway, whether one foot or one inch, it was a nuisance, without reference to any other facts tending to qualify the act. But supposing this wall was built upon the edge of a precipice on the side of the road, securing the traveller from imminent danger, but in some slight degree encroaching upon the highway, were the court bound, as matter of law, to declare it a nuisance? We see nothing in the principle of the case to distinguish it from that of a person who plants a shade tree in the road before his house, or places a railing before his side-walk. A tree or a post in the highway, is, *prima facie*, a nuisance. But upon the principle before adverted to, the question of nuisance, in the particular case, is for the jury; and we see no solid ground of distinction in this case. If it be said, in the case of an ornamental tree, there is a public benefit resulting; may not the same be said here? Is not the enquiry in both cases the same? Is it an annoyance? Is the highway less commodious?

If it be said, that there is danger that a jury will say the way is wide enough, although the defendant has encroached; is it not as probable, that a jury would be as much disposed to pass by the inconvenience of a beautiful tree, which offers its shade to the passenger, and narrows the road, as to a building which only serves the convenience of its owner? If they are to be the judges in the one case, why not in the other? The same statute, too, which forbids the placing of stones, trees, timber, wood or any other thing, also forbids digging the ground, or erecting buildings in and upon a highway, by which the passage of travellers shall be obstructed, prevented, endangered, or annoyed, or in any way encumbered. It forbids the placing of trees, timber and buildings in the highway; but the prohibition is qualified—"by which the passage of travellers shall be obstructed, or such highway annoyed." The act is forbidden; but then it is an act which will produce a certain effect. That a jury is to judge whether the act has been done, cannot be doubted; and must they not also judge whether the act be of the character described in the statute?

If it be said, that every building on the highway must be a nuisance, why not every tree? And if every tree is a

*New-Haven,*
*July, 1841.*

Burnham
*v.*
Hotchkiss.

nuisance, then all our ornamental shade trees are at the mercy of any person having strength to wield an axe, and malice enough to use it. This cannot be claimed. Nor will it be doubted, that, in such case, the jury are to decide, whether it be a nuisance or not. And if so, would it not be a singular construction of a statute prohibiting certain acts to be done, having certain effects, that a jury were to judge of the effects of one of those acts, but not of the other? We cannot accede to such a position; and if it be a question of fact under this statute, whether a tree or a post in the highway is a nuisance, we think it must also be a question of fact, whether a building on the highway is a nuisance. In both cases, the question is, has the obstruction rendered the highway less commodious to the public? The question is no more complicated or difficult, than in many of the cases above cited, where the question whether a nuisance or not, must depend upon circumstances; as whether the dwellings are so numerous as to make a brewery a nuisance; whether a trade is so carried on as to constitute it a nuisance; or whether a person transacts so much of his business in the street as to be subject to indictment. The various circumstances connected with such cases, to constitute the offence, make it more appropriately the duty of the jury to determine it.

The judge adopted almost the language of the statute, in his charge. He speaks, indeed, of the road's being " actually" obstructed. It has not, however, been claimed, that by this, the sense of the statute is varied. Indeed, an obstruction must mean a real or actual obstruction, in distinction from a nominal or fanciful one. And, we think, that had the nuisance complained of, arisen from the placing of a tree or a post in the highway, there would not be a question that the charge was correct.

In the case of *Fowler* v. *Sanders*, the defendant attempted to justify the laying of logs in the highway, by usage, alleging that he had left sufficient room for chariots, horsemen and footmen to pass, and the plaintiff improvidently turned his horse upon the block and fell; and upon demurrer, it was held, that this was no defence. That court did not consider, with the court in *New-Hampshire*, that the highway might be clogged with wood, carts and timber, at the pleasure of the adjoining proprietors, leaving room enough to pass. And the

*New-Haven,*
*July, 1841.*

Burnham
*v.*
Hotchkiss.

decision was doubtless correct. But had not a demurrer been interposed, the question would have been submitted to the jury, as in the case cited, whether the highway was rendered less commodious.

A majority of the court are satisfied, that justice has been done to the defendants; and that there should be no new trial.

CHURCH and STORRS, Js. concurred in this opinion.

WAITE, J. By the common law, every encroachment or incumbrance upon a highway, by which it is rendered *less commodious* to the people, is a public nuisance, and may be removed, by any individual. 1 *Hawk. P. C.* 212. 214. 2 *Burns' Just.* 170. 484.

Our statute upon that subject is in affirmance of the common law. By that, among other things, it is provided, that if any person shall lay in any highway, stones, trees, wood, rubbish, or any other thing, or dig up the ground, or erect any buildings therein, by which the highway shall be *annoyed, or in any manner encumbered,* the same shall be deemed a common nuisance, and it shall be lawful for any person to remove them as such. *Stat.* 361. *tit.* 71. *s.* 1.

Now, if the cellar and wall, in this case, rendered the highway less commodious, or, in the language of our statute, annoyed, or in any manner encumbered it, they became a common nuisance; and the defendants were justified in removing them, whether they acted with or without the authority of the surveyor.

But the court instructed the jury, that the defendants were liable for doing the acts complained of, unless these acts were done under the authority of the surveyor, for the purpose of repairing the highway; or the public travel on the highway was, by reason of the cellar and wall, *actually obstructed, hindered,* or *endangered.*

Both the common law and the statute, in explicit terms, give to any person the power of abating a common nuisance; and this position seems not to be denied, by the plaintiff's counsel. It is in conformity with the opinion expressed by Judge *Peters,* in the case of the *State* v. *Knapp,* 6 *Conn. Rep.* 418. Speaking of the wall, in that case, erected upon the highway,

he remarked, it was certainly a nuisance, removable by the select-men, or *any other person.*

To support the charge, therefore, in the present case, it is necessary to shew, that a cellar and wall placed upon a highway, will not be a common nuisance, *unless they actually obstruct, hinder or endanger the public travel;* a position to which, after the most deliberate examination, I find myself unable to assent.

If, indeed, nothing more was intended, by that instruction, than that the travel in the particular place where the cellar and wall were placed, should be obstructed or endangered, the proposition might not be objectionable. But that is not the fair import of the charge. The jury must have understood the court as saying, that the defendants must be found guilty, unless the cellar and wall were so placed. as to obstruct and hinder the public travel, as the road had been used.

A case similar to this arose in *Massachusetts.* An individual was there indicted for obstructing a turnpike road, by continuing buildings thereon, which had been previously erected. On the trial, he offered to prove, that the portion of the road covered by the buildings, was not within the travelled part, and that a bank, six or seven feet in height, had been removed, for the purpose of placing the buildings where they stood. This evidence was rejected; and the court said, it afforded neither justification nor excuse. Although the defendant might be warranted in removing the bank as a nuisance, he would not be justified in putting another in its place. *Commonwealth* v. *Wilkinson,* 16 *Pick.* 174.

The question there arose in a criminal prosecution; but the same rule is applicable to a civil case. If it was criminal for a man to continue buildings upon a highway, where there never had been any travel, it is clear he could not sustain an action against a person who merely removed them.

But it is asked, may any person remove ornamental trees, posts, and side-walks placed upon highways? The answer is obvious. If they are so placed as to become a common nuisance, they may be lawfully removed. But on the other hand, if they are so placed as to ornament and improve the highway, rendering it more useful and convenient to the public, the removal would be unlawful.

A railing may be so erected by the side of a cause-way as

to become highly beneficial, and no one would have a right to remove it. But if it were so placed as to become a nuisance, the removal would be justifiable.

All such erections on a highway, whether in the place used for travel or not, are nuisances, and may be abated, unless they are actually *beneficial*.

Again, it is said, a house may be built with a few feet of it upon the highway, and it would be very hard upon the owner, if any person had a right to pull that part down. It may be so; but still this court has no power to abrogate a part of the common law, or repeal a statute, to protect an individual in his encroachment upon the highway. As a matter of policy, perhaps it is better for him to know and feel, when he attempts to build a house or a barn, or dig and stone a cellar, upon the highway, that he does it at his peril. And if he thereby renders the highway less commodious, or annoys and encumbers it, he not only exposes himself to a public prosecution, but the nuisance is abateable, by any person who may choose to do it. At any rate, if any evils of that kind should be found to exist, it is for the legislature, and not for this court, to provide a remedy.

As the instruction given to the jury makes the liability of the defendants depend entirely upon the question whether the incumbrances upon the highway actually obstructed, hindered, or endangered the public travel, and not upon the question whether they were a common nuisance, rendering the highway less commodious, or annoying or encumbering it, I think the charge erroneous, and that a new trial ought to be granted.

SHERMAN, J. was of the same opinion.

New trial not to be granted.