ANN R. PARSONS vs. THE LITCHFIELD COUNTY HOSPITAL.

First Judicial District, Hartford, January Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An adjoining proprietor who, with the assent of the municipal authorities, improves the highway in front of his premises by laying down a sidewalk and curb thereon at his own expense, without changing the traveled portion of the road-bed or impairing the facilities for vehicular traffic, is not guilty of an encroachment upon the public easement; and even if he could be regarded as a technical wrong-doer, the abutting proprietor on the opposite side of the street would have no cause of action, unless his property was specially injured by such alterations.

The preference of the opposite landowner for an outlook on a rough natural bank covered with boulders and bushes, to a view of an artificial but ornamental grassy slope and sidewalk, and for the quiet and seclusion of a country road, to the dust, dirt and annoyance incident to the use of a street in a populous neighborhood, are not rights attached to the ownership of his property adjoining the highway.

Under our practice, the question of whether a witness has shown himself competent to express an opinion upon a subject is largely a matter of judicial discretion, the exercise of which, unless abused, will not be reviewed on appeal.

Argued January 7th—decided April 14th, 1908.

SUIT to enjoin alleged encroachments on a highway opposite the plaintiff's premises, and for damages, brought to the Superior Court in Litchfield County, where a demurrer to the second defense of the answer was overruled

(*Gager, J.*) and the cause was afterward tried to the court, *Reed, J. ;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The plaintiff owns a dwelling-house and lot of about one hundred feet front on the east side of Spencer Street in the borough of Winsted, while the defendant's premises are on the west side of the same street opposite the plaintiff's land, with a frontage of five hundred feet. The street is an ancient highway, and is about fifty feet in width along the whole front of the plaintiff's premises. In 1903 the defendant put down a sidewalk and curb in the highway along its entire frontage, in line with, and in continuation of, the then existing curb and sidewalk south of the defendant's property. Nothing was done by the defendant in the highway east of the curb, and any changes made therein were made by the selectmen of the town of Winchester, and to accommodate a large increase in public travel. The plaintiff's alleged grievance was, that in consequence of the defendant's acts the travel had shifted over to the east side of the street, and passed much nearer to her house, destroying its seclusion and bringing into her house dust and dirt from a portion of the road that had theretofore been unused for public travel.

*Wellington B. Smith* and *Frank B. Munn*, with whom was *Wilbur G. Manchester*, for the appellant (plaintiff).

*Samuel A. Herman* and *Richard T. Higgins*, for the appellee (defendant).

HAMERSLEY, J. This action is not brought to enforce the right of an owner of land, burdened with the easement of a public highway, to protect his ownership and possession of that land against trespass. The acts of the defendant of which the plaintiff complains were all done within the limits of a described piece of land which adjoins the land owned by the defendant and which is burdened with the easement of the public highway; but it is not alleged by the plaintiff, nor is it found by the court, that the plain-

tiff owns the fee of this piece of land, or of any part thereof. The plaintiff does not charge the defendant with an unlawful entry upon his land and damaging acts committed thereon, but solely with an unlawful encroachment upon the public easement. The question, what rights the owner (if he were other than the defendant himself) of the land upon which the acts charged were committed might have against the defendant, is not involved in this case. The plaintiff charges the defendant solely with an encroachment upon the public easement, and claims relief solely in respect to the special damage alleged to have been suffered by her in consequence of the public injury. The only special damage alleged is this : In consequence of the defendant's invasion of the public easement, the public has extended the traveled part of the highway over a portion of the way previously unused, up to the boundary line of the plaintiff's land, and in doing so have appropriated for public travel the plaintiff's grass plot which was within the highway and adjoining her land ; and in consequence of this use by the public of the public highway, the plaintiff has been annoyed by the passing of travelers in the highway near to her windows and by the dirt and dust from the highway, and the seclusion of her premises has been destroyed.

The court has found that the allegations of the complaint which were denied by the defendant have not been proved, and in its finding for appeal has set forth the facts as they were found by the court. The plaintiff urges that upon the facts so found which are material to the issue raised by the pleadings, the judgment rendered is erroneous. The error in the judgment urged by the plaintiff substantially rests upon two claims : (1) that the acts of the defendant as found by the court constitute in law an encroachment upon the highway; (2) that if the defendant has encroached upon the highway, the resulting damage to the plaintiff as found by the court entitles her to maintain this action. The judgment must stand unless both of these claims are established. There is no foundation for either claim.

The essential substance of what the defendant has done as found by the court, is this : It has changed the westerly portion of the highway upon which its land abuts, from a rough, unused and unsightly bank, into a curb and sidewalk, with a narrow strip of lawn between the curb and the sidewalk, and a lawn sloping upward and westerly from the sidewalk, so as to form, with the lawn existing. on its own land, one lawn. The wrought road-bed, or way for carriage travel, is unaltered by this change. The facilities for carriage travel are no less, but new facilities for pedestrians have been furnished, which have since been used by all the pedestrian travel. Had this extension of a curb and sidewalk, found to have been previously laid on the westerly side of Spencer Street south of the defendant's land, been carried out in the same way by a village improvement society with funds subscribed for that purpose, with the aid and approval of the selectmen of the town and warden and burgesses of the borough, and consent of the defendant, the claim that the society had by this action rendered itself liable to an indictment or to an action for damages for an encroachment upon the highway, or obstruction of public travel, could not for a moment be entertained, notwithstanding it does not appear that the warden and burgesses had taken the formal steps necessary to give the sanction and authority of the borough to the laying of the curb and sidewalk. No ground of liability. for such action is supplied by the fact that the improvement was made by the defendant at its own expense, in view of the improvement of its own land involved in the improvement of the highway. *Burnham* v. *Hotchkiss*, 14 Conn. 311, 319 ; *State* v. *Merrit*, 35 id. 314, 318. By removing the wall which had previously served to mark the boundary line between the highway and its own land, the defendant has in no way affected the respective rights of the public and itself ; it has neither appropriated the land in the highway to its exclusive use, nor dedicated its own land to the public use.

But even if the action of the defendant could be re-

garded as a technical encroachment upon the public ease-
ment, the facts found by the court show no resulting dam-
age to the plaintiff which entitles her to bring this action.
No claim is made that the acts of the selectmen in widen-
ing the existing traveled road-bed to meet the increasing
demands of public travel were unlawful. Their action
was caused by the increasing travel and the public de-
mand, and cannot be said to have been caused by the action
of the defendant; it was after, but not, therefore, on ac-
count of, its action. The court finds that the property of
the plaintiff was not depreciated in value, either by the
acts of the defendant or by those of the selectmen, and
that no right attaching to the ownership of land abutting
on a highway, whether of ingress and egress or of light
and air, has been affected by those acts. It is manifest
that the rights claimed by the plaintiff, of enforcing her
preference for a view of a rough bank covered with bould-
ers and bushes to that of an ornamental walk; of freedom
from the annoyance of dust and dirt incident to the use of
a highway for public travel; and of preserving for her
dwelling-house the seclusion incident to a country road
after its use by the public as a city street, are not property-
rights attached to the ownership of land abutting upon a
public highway. There is no analogy, such as that claimed
by the plaintiff, between the right of an owner of land
whose value is greatly enhanced by its outlook on a public
park, to protection against one who unlawfully destroys
that park and thereby greatly diminishes the value of the
adjoining property, and the alleged right of this plaintiff
as owner of land with an outlook on an unused portion of
a public highway, to protection against one who unlawfully
improves the appearance of and adapts to public use that
unused portion and thereby enhances the value of the ad-
joining property.

The plaintiff's claim of error that vitiates the judgment
is stated in the reasons for appeal in 29 paragraphs, each
averring that the court erred in overruling the claim of
law therein mentioned as having been made by the plain-

tiff upon the trial. Many of these so-called claims of law are merely claims as to facts proved by the evidence, and are settled by the finding of the court; many others are claims of law not applicable to the facts as found, and are therefore immaterial and not reviewable here. The remaining claims state in different forms the two essential claims we have considered, and were properly overruled.

The exceptions to the rulings of the court upon questions of evidence are not well taken. Upon the trial the defendant asked each of several witnesses the following question : " Whether or not in your opinion the plaintiff's property has been damaged by reason of the acts of the defendant in grading said bank and in setting and laying said curb and sidewalk ? " The court admitted this question against the objection of the plaintiff. The question was not objected to on the ground that the effect of the changes upon the plaintiff's property was not admissible, nor upon the ground that this effect could not be shown by the opinion of witnesses, but solely on the ground that the witnesses had failed to qualify as competent to express an opinion as to whether the plaintiff's property had been damaged or not. Each witness testified that he was the owner of real estate in said town and in a general way familiar with the value of real estate in Winsted, and that he was familiar with the plaintiff's premises, with said Spencer Street, and with the improvements or changes made thereon by the defendant. This testimony tended to show some special qualification for forming an opinion as to whether this street improvement damaged the adjoining property or not. Whether or not the facts shown as the foundation of such qualification are sufficient for that purpose is, under our practice, largely a matter of judicial discretion. *Barber* v. *Manchester*, 72 Conn. 675, 684, 45 Atl. 1014. In this case the court does not appear to have exceeded the limits of its discretion.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.