In a trial to the jury the defendant was found guilty of the crime of failure to abate a nuisance injurious to public health, in violation of § 19-79 of the General Statutes. She has appealed. She claims error in the court's charge.
We test the charge by the claims of proof of the parties as set forth in the finding. The state offered evidence and claimed to have proved that the defendant kept horses in a stable in the rear of her property in East Hartford. She also kept dogs in kennels and birds in pens. As a result of a complaint, an officer of the town health department inspected the property on various occasions between April, 1961, and January, 1962. On February 7, 1962, this officer, accompanied by the director of public health of the town, inspected the property. On March 21, 1962, a letter was sent to the defendant by the director of health, in accordance with the provisions of § 19-79, advising her to abate the following nuisances: (a) accumulation of stable manure; (b) manure in pens; (c) materials (boxes, crates, lumber, tree branches, tin cans, papers and empty barrels) around the barn, garage and outbuildings which invite the collection of mosquitoes and rodents; (d) kennel areas behind the garage which are maintained in an unsanitary condition. This letter was received by the defendant's husband *Page 244 
on March 23, 1962. Further inspection of the property on May 2 and 5, 1962, revealed that the nuisances set forth in the letter had been reduced and conditions improved but that essentially the defendant had failed to comply with the order.
The defendant offered evidence and claimed to have proved that the only condition affecting the neighborhood was the odor from the horse manure. She had a kennel permit. Conditions on the property steadily improved after the health officers' first visit. The manure was removed in June or early July, 1961. The stables were kept in a proper condition, and there were no more flies than are normally found around a stable. All manure was removed from the premises in May, 1962.
No requests to charge were made by either the state or the defendant. The only assignment of error pursued by the defendant in her appeal is directed to the charge, to which she duly took exception. She claims that a nuisance as described in § 19-79 must be injurious to public health, and further that the court failed so to instruct the jury. Section 19-79 provides in part as follows: "Town, city and borough directors of health shall, within their respective jurisdictions, examine into all nuisances and sources of filth injurious to the public health, cause such nuisances to be abated and cause to be removed all filth which in their judgment may endanger the health of the inhabitants . . . ."
The court in its instructions defined nuisances as being "that which annoys or causes trouble or vexation or which is offensive or obnoxious or which works hurt, inconvenience or damage. A common or public nuisance is a condition of things which is prejudicial to the health, comfort, safety, property, sense of decency or morals of the citizens at large, resulting either from an act not warranted by law or from neglect of duty . . . ." This definition was *Page 245 
further amplified by the definition appearing inBurnham v. Hotchkiss, 14 Conn. 311, 317, wherein nuisance is defined in its broadest sense. The issue in the Burnham case was whether an obstruction on the highway constituted a nuisance and was not concerned with public health. The court further charged: "If you find that the state has proved beyond a reasonable doubt that there was a nuisance, that the director of health ordered this nuisance to be abated, and the defendant failed to abate the nuisance as directed on the date charged . . . ."
The problem presented is one of statutory construction. "In seeking to ascertain the legislative intent, we may look to the history of the statute and the policy underlying it. . . . We are called upon to look beyond the literal meaning of the words to the history of the law, its language, considered in all its parts, the mischief the law was designed to remedy, and the policy underlying it. . . . We must look, also, to the basic policy as disclosed by pre-existing legislation and the circumstances which brought about the enactment of the law under consideration." Lee v. Lee, 145 Conn. 355,358. The part of § 19-79 with which we are concerned was originally set forth in Statutes, 1808, page 617, § 2, in title 148, entitled "Sickness." This title dealt with the protection of public health and the control of diseases of a contagious and malignant nature. With almost no change, the legislation in question came down through the various revisions of our General Statutes and is now set forth in § 19-79, in chapter 335, entitled "Municipal Health Authorities." It is evident that its original intent of protecting the public against nuisances injurious to health remains as cogent today as it was in 1808.
The state contends that, since § 19-79 provides that the health authority shall "cause such nuisances *Page 246 
to be abated and cause to be removed all filth which in their judgment may endanger the health of the inhabitants," a distinction is made between nuisances and filth and that the endangering of health refers only to filth. Such a distinction, the state argues, would give the health authority the power to abate any nuisance, whether or not it affected public health. With this construction we cannot agree. We conclude that the manifest intent of the legislature was to protect the public by giving the health authorities power to abate nuisances injurious to health. Since the section should be considered as a whole; Biz v. Liquor Control Commission,133 Conn. 556, 560; it might be noted that the last sentence provides in part as follows: "[T]he town director of health shall have and exercise all the power for preserving the public health and preventing the spread of diseases." We conclude that "nuisance" as used in this section must be construed to be such as is injurious to public health. See Raymond v. Fish, 51 Conn. 80, 96.
Having concluded that injury to public health is an essential element of the alleged crime, we now consider whether the jury were adequately instructed on this subject. The charge, while containing the pertinent part of the statute claimed to have been violated, makes no further reference to public health, nor is injury to public health defined. We consider this subject essential to a proper consideration and disposition of the case by the jury. The omission was harmful to the defendant.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion PRUYN and KOSICKI, JS., concurred.