## WELLBORN v. DAVIES.

1. INJUNCTION. *Nuisance.*

   Injunction may be maintained by a private person against the creation or continuance of a private nuisance even where the damages are merely nominal; and also against a public nuisance from which he suffers a special and peculiar injury not common to the citizens generally. But in regard to enclosures of a public highway and other nuisances of a public nature affecting a common right, the remedy is by indictment, or by proceedings of some public officer on behalf of the public and for the common benefit.

APPEAL from *St. Francis* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*W. G. Weatherford,* for Appellant.

The proof of the existence of the main road is conclusive. *Gantt's Dig.,* sec. 5305-6; *Angell on Highways,* sec. 132-5; *Nashville v. State,* 1 *Baxter,* 55. The evidence is conclusive that this branch road did exist and had not

been vacated in 1870. No order of vacation was *in fact* ever intentionally made, &c., &c.

Equity *may* grant relief to remove such nuisances and enjoin their continuance. 35 *Ark.*, 497, and cases cited; *Kerr on Inj.*,\* 333; 13 *How.* 519; 2 *John Chy*, 272; 1 *Paige* 197; 1 *C. E. Green, N. J.*, 378; and especially 40 *N. Y.*, 378.

Under the old law a road could not be vacated, &c., otherwise than by petition, notice, review, &c., 10 *Ark.*, 241; *Gould's Digest, Roads, &c.*, 58–9; *Gantt's Digest, sec.* 5359. As to proceedings without notice, they are void. *Acts* 1858, *p.* 172; *Rose Dig., p.* 129.

If a highway, and not legally vacated, the rights of the public or the plaintiff are not forfeited by non use or limitation.

A highway once established *must remain such* until changed or discontinued by due process of law. *Angell* 321; *Rex v. Ward. Cro. Cas.*, 266; 1 *Baxter*, 55.

As to abandonment or non-use—presumption of in 20 years. *Angell* 323. Eighteen years not enough. \* 1 *Baxter*, 55.

*W. H. Howes* for Appellees.

Argues upon the facts in evidence, and claims that appellant has lost all remedy by means of abandonment, non-use, limitation, vacating orders of the County Court, &c.

### STATEMENT.

EAKIN, J. Wellborn, a practicing physician, owning land and residing near a fork, upon what he claims to be a public highway, near the town of Forrest City, brought this suit against several individuals living or owning property along the road, who had severally obstructed one or the other of the forks, by buildings, fences, &c., and also against the Memphis and Little Rock Railroad Com-

pany, which, as he alleges, had made a deep cut across the highway, and had allowed a bridge to fall down, without rebuilding it; whereby the passage of the road over the cut had been prevented. Some of the obstructions were within the corporate limits of the town itself. He describes the course of the roads, which, he says, had for a long time, until within a comparatively recent period been recognized and kept up by the county uathorities as public highways; describes the nature and locality of the several obstructions, which lay between his place and Forrest City; and alleges that he is damaged by the inconvenience he incurs in visiting his patients, and in passing to and fro on business. He says also that his place is rendered thereby less valuable in market, and as a residence. The bill is professedly filed upon the ground that all said obstruction are public nuisances and should be abated "for the public good, and for the good of each and every man interested."

The bill prays for the abatement of the several obstructions "as nuisances," and for a mandatory injunction against the defendant railroad to construct a suitable bridge; and for general relief, to complainant and "the public in interest."

The Court overruled a joint motion of the defendant's, that the complainant should elect which cause of action he would prosecute, on the ground that they were in their nature, several. The railroad then filed a general demurrer, and that being overruled, rested.

The other defendants, severally, moved to have their names struck from the complaint as improperly joined in the same cause of action; all of which motions were denied; and they then severally demurred to the bill. All the demurrers were overruled.

A Commissioner appointed by the Court of its own

motion, for the purpose, reported the sort of bridge the railroad should be required to build at the old crossing, and that it would cost about $400.

Davies alone answered; saying with regard to the part of the road which he had obstructed, that it was not and had not been, for more than seven years, a public highway, nor used as such by the public; and that it was not when complainant purchased his land. He says he has fenced it in, built upon it and planted an orchard, and has so occupied it for more than seven years. He admits that an old road once ran on the route designated by complainant, but alleges that it had long been abandoned by the public, and left off the road districts; that the overseer by direction of the County Court had worked another road in place of it, and that it was finally vacated; and that no one ever objected besides complainant; and every one who chose, including complainant himself, had enclosed it. The effect of the answer being, in short, that the road was never a well defined public highway, and that, if it ever had been, it had long been abandoned as such both by the public and the county authorities.

The Court, upon hearing, dismissed the bill for want of Equity; assigning for cause that it would be a useless tax upon the public to open the road prayed for; and further finding, from the preponderance of evidence, that the road had been vacated by order of the County Court.

### OPINION.

The first question arises upon the demurrers, upon which all the defendants rested, except Davies. As his defence, being to the merits of the whole bill, would have enured to the benefit of all, if successful; so their demurrers being of the character to impugn the whole right of action, would enure to his, if sustained. Whether or

Wellbourn v. Davies.

not the defendants were all properly joined in one suit, would be a secondary question, to arise after determining whether the bill disclosed any ground for equitable relief against any body.

The remedy, by injunction, against the creation or continuance of private nuisances is unquestioned. Such suits may be sustained to establish a right even where damages only nominal can be shown. *Infinitesimal* damages are sufficient, because the object of such suits is rather to protect and preserve the special private right, than to obtain redress for any special injury.

*Injunction: Nuisance.*

It is not so with regard to purprestures and other nuisances of a public nature, injurious to a common right, and affecting all who come, and have the right to come within the reach of their influences, although not actually affecting all equally. These are injuries to the public at large, in derogation of the sovereign right and duty of the State, to afford all citizens facilities of business and travel, of a nature to promote the public good and forward the general welfare. If, in such cases, one citizen might sue, so might another, and litigation might be interminable. Courts cannot nicely measure the mere degrees of inconvenience, which some citizens suffer over others; and thus define a line, short of which there should be no right of private action. Such general injuries, considered merely *as general* are best remedied by indictment or proceedings of some public officer, on behalf of the public, and for the common benefit.

Such *public* nuisances may, at the same time, become private nuisances with regard to those individuals who suffer special and peculiar injury, and for that special and peculiar injury they may have an action against the wrong doer for damages; or may maintain a suit for injunction against its continuance. These are elementary

Wellbourn v. Davies.

principles, announced and supported by authorities, in all the most approved text books. The citation of special cases is unnecessary. See *Story's Equity Juris.; Secs.* 921 to 924 *a; High on Jurisdictions, Sec.* 528; *Wood's Law of Nuisance, Sec.* 811.

Considering that the road was a public highway, and that the enclosures and obstructions were made as alleged, does the bill disclose any special and peculiar injury, such as, in the language of Mr. Story, is "quite distinct from that of the public in general?"

The inconvenience to the complainant in visiting his patients, however often he may be called to do so, is not different from that which every citizens suffers, whose business or pleasure may call him to travel the road. It is of the same character, only perhaps different in degree, from that which others suffer, who have other business, and live further away. This will not sustain his right of action. The case is very much like that of *McCowan v. Whitesides*, 31 *Ind.*, 235, in which a demurrer was sustained.

Further: with regard to the special injury, the complaint states that complainant purchased his place in 1867, before the obstructions were made; that it was immediately upon and contiguous to the road, in the near vicinity of the obstructions, and near Forrest City; that he intended it for a residence, and that it was of great value. In addition to the inconvenience which he suffers, as a physician, he alleges that: "for the cultivation of his farm, and for the use of his horses, mules, cattle and hogs; as well as for the convenient communication with his neighbors, and the public generally, the said highway furnished a sufficient, and, indeed, the *only* outlet." The bill further, in a general way, shows that by means of the several obstructions thrown across the highway he was

Wellbourn v. Davies.

so hemmed in, and turned away from convenient means of access to the town and surrounding country, as to make the impression, taken altogether, that his property had suffered a damage peculiar to its position, different from that of his neighbors. It is not shown very clearly and distinctly to what extent, and by which special ob-structions it was diminished in value; but that it was in a peculiar manner, different from that of his neighbors, rendered less commodious and desirable, is, taking the bill as true, sufficiently apparent. The bill was rather amenable to a motion to make more certain, than to a demurrer.

Whether the defendants, being according to the bill, separte and distinct tort-feasors, each acting for him-self, and without concert with each other, could be joined in one action, is a new question in this State. Generally in actions *ex delicto*, that can not be done. With regard to nuisances however, there is a recent English decision, directly in point. In the case of *Thorpe v. Brumfitt, Law Reports*, 8; *Ch. App.*, 650; (*S. C.* 6; *Eng. Rep., Moak Notes* 554;) it is expressly held that the acts of several persons, without concert, but each acting for himself with reference to his own affairs, may constitute a nuisance which a court of equity will restrain; though the damage occasioned by any one, if his act be taken alone, would be inappreciable. The principle finds its analogy in the case of an action by the lord of a manor, against a num-ber of persons claiming rights of common, and may perhaps be extended properly to the case of a number of persons claiming a common right to obstruct a highway, to the peculiar detriment of the complainant. It is not necessary however, to decide this point in this case, and as it is not made the subject of contention in the briefs, we pass it with-out further discussion.

Wellbourn v. Davies.

Upon the merits of the case the despositions are long, numerous, and for the want of sufficient plats, somewhat unintelligible. They are sufficient however, to disclose the facts that the roads once existed and were worked as public highways under the county authorities. The Memphis and Little Rock Railroad came with its changes upon society and the courses of business. The flourishing town of Forrest City sprang up where there was nothing before. New roads became necessary and old ones were abandoned, and falling out of repair became impassable. That was the case with the roads in question. For more than seven years they had not been worked by the county authorities, and one, the principal fork, seems from the best evidence that can be had, to have been actually vacated by the County Court. Gradually, first one and then another, had enclosed portions of them. The complainant himself had done so in other places. The new roads were not as convenient to complainant as the old, and gradually the enclosures of his neighbors came to annoy and embarassed him very seriously. Doubtless they did diminish the market value of his property.

Nevertheless, these were the accidents to him, of a change in the population, business and necessities of the community at large. He made several applications to the County Court to reopen the old roads, and they were all refused. Evidently the public necessity did not require them. As the old roads had been, one of them, expressly vacated, and the other probably so, for many years, and both long abandoned by non-user, and no longer recognized by the County Court, and especially as complainant had seemed himself to acquiesce in this view of them by enclosure at another point; we think the bill should not under the circumstances, have been sustained. We find no error.

Affirm the decree.