RUFFNER *v.* PHELPS.

Opinion delivered June 18, 1898.

STREET—RIGHT TO COMPEL OPENING.—A purchaser of land, which includes part of a street closed by consent of the town council before his purchase, cannot maintain a suit against his vendor, who owned the other portion of the inclosed street, to compel him to open the street, without proving that he has suffered special injuries on account of its being closed. (Page 412.)

Appeal from Lawrence Circuit Court in Chancery, Eastern District.

RICHARD H. POWELL, Judge.

In 1874 W. M. Ponder, who was the owner of the land on which is situated the present town of Walnut Ridge, Lawrence county, made a plat of the town defining blocks, lots, streets and alleys. Among others was defined "Vine street," involved in this suit. The plat was duly recorded. In 1880, upon the petition of W. M. Ponder *et al.*, the town of Walnut Ridge, including the area covered by the plat *supra*, was incorporated. After the plat was recorded, Ponder sold off lots, and in his deeds recognized, in describing the land, the various subdivisions of blocks, lots and streets. No lots were sold on the part of Vine street involved in this suit, which was never opened nor used as a street. In 1886 the council of Walnut Ridge, by a vote of a majority of its members, to-wit: W. M. Ponder, A. C. Phelps and H. R. Wrenn, consented to the closing of Vine street. In 1887, W. M. Ponder sold a tract of and, including that part of Vine street in controversy, to S. Ruffner, describing same by metes and bounds. Ruffner enclosed the entire tract, including that part of the street involved, and same remained enclosed until 1891, when he sold a portion of it, including eight feet of "Vine street," to A. C. Phelps, who took from his vendor, Ruffner, the following obligation: "Whereas, I have this day sold and conveyed to A. C. Phelps, the following property situate in the town of Walnut Ridge, Lawrence county [describing it by metes and bounds, said description embracing in the tract eight feet of Vine street]. Now, said real estate includes alleys and parts of streets of said town which are now *closed and unused*, now, if at any time said streets or alleys, or either, are opened, by authority of law, I hereby agree to pay and refund to the said A. C. Phelps such sums as will be in proportion to the amount paid for said land. Given under my hand this 8th day of September, 1891."

After this an order was made by the town council, upon application of Phelps, to reopen said street; and, in pursuance of said order, Phelps opened the eight feet of Vine street included in his 'purchase from Ruffner. But Ruffner refused to open that part of the street on his land, to-wit, about 52 feet, the whole street being 60 feet wide. This suit is brought by Phelps to compel Ruffner to open up said portion of the street,

and to restrain him from further obstructing same. The court rendered a decree to that effect, and this appeal was taken.

*Jas. K. Gibson* and *Chas. Coffin*, for appellant.

The remedy in cases of public nuisance affecting a common right is by a proceeding instituted by some public officer, on behalf the public. Hence a private individual, as such, cannot maintain an action to open up a public street. 40 Ark. 83; 41 Ark. 526; 50 Ark. 486. He must allege and prove special damages. 50 Ark. 486. Appellee is estopped to ask that the "street" be opened, for the reason that, as a member of the council, he voted to close the street, and his purchase of the abutting property was subsequent to, and made with full knowledge of, these facts. 3 Wash. R. Prop. 70; 51 Ark. 491; 18 O. St. 169. A vendee cannot dispute his vendor's title. 47 Ark. 219; 10 So. Rep. 797; 3 Wash. R. Prop. p. 120, § 51. No lots abutting on the "street" in question have been sold, and there never has been an acceptance by the proper authorities. Dill. Mun. Corp. p. 630; 63 Ark. 5.

*Jos. W. Phillips, J. N. Beakley* and *S. D. Campbell*, for appellee.

The owner of the land placed on record a town plat containing the lots, blocks, streets, alleys, etc., filed a petition in county court asking that the town be incorporated, and sold lots to various persons, describing it according to the plat. This was a sufficient dedication. 25 Am. & Eng. Corp. Cas. 268. The proof shows special damage to plaintiff. Hence, he is entitled to maintain his action. 40 Ark. 83.

WOOD, J., (after stating the facts). A purpresture is an encroachment upon the street, which the municipality may or may not tolerate at its option, if same be not also a public nuisance. But if said encroachment be such as to inconvenience the public, the municipality or any individual especially injured thereby may abate and restrain same by injunction. *Wellborn* v. *Davies*, 40 Ark. 832; Coke, Lit. side p. 277b; 1 Wood, Nuis. §§ 81, 97, *et seq.;* 1 High, Inj. § 761, *et seq.; Barnham* v. *Hotchkiss*, 14 Conn. 311; 1 Story, Eq. Jur. § 921, *et seq.*

We do not decide, but it may be conceded, that the inclosure complained of is not merely a purpresture but also a public nuisance. Still, under the peculiar facts of this case, appellee cannot invoke the aid of a court of equity for its abatement. As was said by Judge Storrs in *Bigelow* v. *Hartford Bridge Co.*, 14 Conn. 565, at page 580, speaking of the right of an individual to have an injunction to abate a public nuisance which he alleged was particularly and specially injurious to him: "It is a power which is extraordinary in its character, and to be exercised generally only in cases of necessity, or where other remedies may be inadequate, and even then with discretion and carefulness."

Now, the proof does not show that appellee has suffered any injury on account of the failure of appellant to open up Vine street. Appellee, when a member of the city council, had voted for the closing of Vine street. He knew, therefore, that the street had been closed by the consent of the city, and that it was closed at the time of his purchase. He purchased his tract of land, including a part of Vine street itself, with Vine street inclosed; and it does not appear that he paid any more for the land than it was worth at the time of his purchase. True, appellee testified that he thought the property, without the street, was worth less than he gave for it, but could not form any estimate of how much less; and he nowhere shows that the basis of the valuation of the land at the time of his purchase was upon the understanding or expectation that the street was to be opened. The presumption would be, in the absence of proof, that the land was sold for what it was worth in the condition it was in at the time of the sale, and not at what it might be worth at some time in the future with its conditions changed. There is no proof to overcome this presumption. We can easily understand how appellee would have been injured had he purchased of appellant a tract of land upon or adjoining which was an open street, which appellant afterwards closed, provided the closing of same reduced the value of the land. But as appellee purchased the tract with the street already closed, and at a value fixed accordingly, he is not injured by the failure or refusal of appellant to open the street. It would be manifestly unjust to permit appellee to speculate upon the

opening of the street at the expense and detriment of appellant. If appellee contemplated compelling appellant to open up "Vine street" at the time of the purchase, that fact should have been communicated to appellant, so that he might have valued and sold his land with reference thereto. Moreover, the fact that appellee purchased the tract with the Vine street inclosed and eight feet of said street, paying for said portion of Vine street the same price he paid for the other portion of the tract (as shown by the obligation), proves that he recognized the rights of appellant to sell the same *inclosed*, and thus to deal with the same in a manner inconsistent with the easement of the public. We must deal with the purchase just as it appears. Appellee purchased an entire tract described by metes and bounds, and it included eight feet of Vine street. We are not to presume that he could have bought the tract at all without also purchasing the eight feet of Vine street. Appellant might not have been willing to sell any of the tract had not appellee agreed to take the eight feet of Vine street, and to take it, too, as it was, inclosed, and obstructing the public easement.

Whatever might be the rights of the municipality in the premises, it is clear that appellee, in a solemn transaction in which appellant parted with valuable property, has recognized rights in appellant as against the municipality or the public, and, but for such recognition, the trade might not have been consummated. We therefore think that appellee is not in a position to dispute with appellant the right to keep Vine street closed. The public is not complaining, and appellee cannot in circuitous fashion substitute himself for the public, and thus do indirectly what he could not do directly on account of his prior conduct.

Reversed and dismissed.