# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

## BARNETT *v.* MAYS.

### Opinion delivered April 3, 1922.

1. MUNICIPAL CORPORATIONS—PASSAGE OF ORDINANCES—PUBLICATION.—Crawford & Moses' Dig., § 7502, requiring that "ordinances of a general or permanent nature" be read on three different days before passage, and § 7499, requiring that such ordinances be published, have no application to an ordinance entering into a special contract, such as an electric light franchise.

2. GOOD WILL—AGREEMENT NOT TO FURNISH ELECTRICITY.—A vendor of an electric light plant who agreed not to re-enter the business of furnishing electricity or to interfere with the operation of the plant by the vendee, may generate electricity for his own use and transmit it over the premises of others by permission, but cannot furnish electricity to others nor interfere with the vendee's operation of the plant, even by the erection of poles over the premises of owners who may be willing to grant him the privilege.

3. ELECTRICITY—USE OF STREETS AND ALLEYS FOR TRANSMISSION.—One generating electricity for his own purpose cannot, without permission of the city, transmit it across streets and alleys to another plant owned by him.

4. ELECTRICITY—RIGHT TO USE STREETS FOR TRANSMISSION.—The fact that certain streets and alleys in a city used by the owners of an electric generating plant for transmission of electricity to another plant owned by him were closed and used as storage places by private interests was no defense to an action by the city to enjoin such use, as the city could open them at any time.

Appeal from Searcy Chancery Court; *Ben F. McMahan*, Chancellor; reversed.

*S. W. Woods*, for appellants.

The contract entered into between Barnett and the city of Leslie was valid and binding. 100 Ark. 496; 20 L. R. A. 821; 9 R. C. L. 1186; 118 Ark. 166; 80 Ark. 108.

*W. F. Reeves,* for appellee.

The ordinance granting the franchise to Barnett was not legally passed. C. & M. Digest, § 7502.

McCulloch, C. J. Appellee, Ed Mays, doing business individually under the style of Mays Manufacturing Company, owned an electric light plant in the city of Leslie and operated the same under a franchise granted by the city council for the purpose of furnishing electric light to the inhabitants of the city. In the operation of the plant he generated electricity by machinery used in a mill plant which he owned. Appellee sold the electric light plant to appellant, A. L. Barnett, by bill of sale executed July 23, 1920, but this sale did not include the dynamo and other machinery in the mill plant where the electricity was generated. In fact, appellee did not at that time own the dynamo in use.

According to the testimony adduced in the present litigation, it is clear that the terms of the sale by appellee to appellant Barnett contemplated that appellee would not re-enter the business of furnishing electric lights or interfering in any way with the operation of the plant sold to Barnett. At the time this sale was consummated, appellee had surrendered his franchise to the Corporation Commission, and appellant Barnett had obtained from the city council a new franchise. Barnett had likewise obtained a permit from the Corporation Commission. Barnett proceeded to perfect his plant by installing the necessary machinery and making other preparations.

This action was instituted by appellant Barnett, the city of Leslie joining therein, to restrain appellee from attempting to furnish electricity to inhabitants of the city and from using the streets and alleys over and along which to string wires, and from otherwise interfering with Barnett's operation of the electric light plant under the new franchise granted to him.

Appellee, in his answer, denied all the allegations with respect to his attempt to furnish electricity to other

parties, or the use of the streets and alleys of the city, but alleged that he owned two mill plants, one inside the corporate limits of the city and the other just outside, and that all he was doing was to generate electricity at one of the plants for use in his business at both plants and to transmit the same over wires erected along the right-of-way of the railroad.

The issues were tried before the court, and there was a decree dismissing the complaint for want of equity.

It is, as before stated, clear that appellee should not engage in furnishing electric light to the public. There is no contention in the brief here on the part of appellee that he reserved the right to continue in the business of furnishing electricity. On the contrary, he claims that he has made no such attempt, and is only engaged in generating electricity for his own use in the manufacturing plants which he operates, and that he has not used the streets and alleys, but is merely operating a wire erected along the right-of-way of the railroad, having obtained a permit from the railroad company to do so. Appellee does, however, dispute the right of appellants to maintain this action on the ground that the franchise granted by the city to Barnett is void because the ordinance granting same was not enacted in the mode prescribed by statute in that it was not read on three different days as required by statute. Crawford & Moses' Digest, § 7502. The statute referred to only requires that the procedure mentioned must be observed in the passage of "by-laws and ordinances of a general or permanent nature," and does not apply to an ordinance or resolution entering into a special contract. *Batesville* v. *Ball,* 100 Ark. 496.

It is also contended that the ordinance is void because it was not published, but the statute in regard to publication of municipal ordinances is limited in its application to ordinances of a general and permanent nature. Crawford & Moses' Digest, § 7499.

We need not pursue any inquiry at this time whether the authority to grant such a franchise was taken away

from the city council and conferred upon the Corporation Commission by the act creating the latter Commission (Crawford & Moses' Digest § 1653), for appellant Barnett held a franchise, not only from the city council, but from the Corporation Commission itself.

The only remaining question is whether or not appellee was violating his contract of sale to Barnett, or was attempting, without authority, to use the streets and alleys of the city for the purpose of transmitting electric current from one of his plants where it was generated to the other plant which he was operating.

The evidence not only establishes the fact that appellee was operating his wires over and across the streets, but there is also evidence tending to show that he was furnishing electric lights to others.

Appellee had the right, of course, to generate electricity for his own use and to transmit it from one place to another over his own premises, or over the premises of others from whom he might obtain a permit, for his own use at such other place. He has no right, however, to cross the streets and alleys of the city, nor to furnish electricity to other persons by transmitting it even over his own premises. He had no authority to use the streets and alleys for such purposes, and he is barred by his contract of sale to Barnett from furnishing electricity to other persons, regardless of how and under what circumstances it may be transmitted.

There is evidence also tending to show that appellee's erection of new lines along the right-of-way constitutes an interference with appellant in the operation of his lines, and this appellee is barred from doing by his contract. He cannot in any way interfere with the operation by appellant of the electric light plant, even by the erection of poles over the premises of owners who may be willing to grant him the privilege. Even though he can obtain the privilege of erecting the wires from the railroad company or private owners, he cannot use such privilege, if it constitutes an interference with appellant's operation of his plant.

Appellee attempts to escape the charge of using the streets and alleys by showing that some of the streets alleged to be used have been closed up and used as storage places by appellant Barnett and certain other manufacturing interests. The fact that the streets are temporarily closed does not deprive the city of authority over them, for the city has a right to open them at any time, and appellee has no right to use the streets over which to carry his electric light wires, even though the streets are temporarily closed.

We are of the opinion, therefore, that the court erred in dismissing the complaint, for the proof shows that appellants were entitled to relief.

The decree is therefore reversed, and the cause remanded with directions to enter a decree enjoining appellee from using the streets and alleys of the city for the purpose of stringing wires and from interfering in any way with appellant Barnett in the operation of his electric light plant, and also enjoining appellee from furnishing electricity to any other consumer.