CITIZENS' PIPE LINE COMPANY v. TWIN CITY PIPE LINE COMPANY.

Opinion delivered November 12, 1928.

310

314

*James B. McDonough, Jr., W. B. Cravens, James B. McDonough* and *Fadjo Cravens,* for appellant.

*Pryor, Miles & Pryor,* for appellee.

KIRBY, J., (after stating the facts). The ordinance of the city of Fort Smith complained of, granting the right to appellant company to construct and operate its gas pipe line and to transport gas through it for consumption and use to the Harding glass plant, was attached as an exhibit to the complaint, and it has long been established that, in suits in equity, exhibits to the pleadings are considered as parts thereof, and such exhibits as constitute the ground of the action, defense or counterclaim will control the allegations of the pleadings. *El Dorado* v. *Citizens' Light & Power Co.,* 158 Ark. 550, 250 S. W. 882; *Beavers* v. *Baucum,* 33 Ark. 722; *American Freehold Land Mortgage Co.* v. *McManus,* 68 Ark. 263, 58 S. W. 250; *Koons* v. *Markle,* 94 Ark. 573, 127 S. W. 959; *Cox* v. *Smith,* 99 Ark. 218, 138 S. W. 978.

It is also true that grants from the sovereign power are to be construed strictly against the grantee and in favor of the city or government making the grant. *El Dorado* v. *Coates,* 175 Ark. 289, 299 S. W. 355. By § 2 of the ordinance, authority or permission is given to the Citizens' Pipe Line Company to construct and operate its gas pipe line "and to transport gas through it for consumption and use at the Harding glass plant." This

language indicates no intention to grant a general franchise for supplying gas to all the consumers, both industrial and domestic, in the city of Fort Smith, who might desire to contract with the appellant company for use of gas, but is limited and restricted to the construction and operation of the pipe line and to transportation of gas for the consumption and use of the Harding glass plant only. It grants only the permission of the city to transport the gas brought from the fields of the appellant company across and along the streets of the city of Fort Smith to the Harding glass plant, the owner of the majority of the stock of appellant company, for use in its manufacturing plant. Appellant company had no right to cross the streets and alleys of the city with its pipe line or to furnish gas to other persons than the Harding glass plant, nor to it without the permission of the city first obtained, authorizing it to do so. *Barnett* v. *Mays,* 153 Ark. 1, 239 S. W. 379; *Sanderson* v. *Texarkana,* 103 Ark. 534, 146 S. W. 105; *Adkins* v. *Harrington,* 164 Ark. 280, 261 S. W. 626. It expressly denied and disclaimed any right of a franchise under the terms of the ordinance and any intention of attempting to transport and supply gas to any consumer within the city of Fort Smith other than to the Harding glass plant, in accordance with the terms of the ordinance granting it this right.

The fact that its charter authorized it to own and control pipe lines for the transportation and sale of gas to operate as a public utility was not sufficient to constitute it a public utility. In *Clear Creek Oil & Gas Co.* v. *Ft. Smith Spelter Co.,* 148 Ark. 260, 230 S. W. 897, the court said:

"It was within the charter rights of the appellant to operate a business as a public utility in the production, transportation or sale of natural gas, but it was not limited to such operations as a public utility, and was not bound to so operate. It was authorized to do business in the production, transportation or sale of the commodities named, other than as a public utility. The question therefore is not merely whether appellant was

authorized to operate as a public utility, but whether it elected to do so under the power thus conferred. It had a right to exercise those powers or not to do so, and, in the event of its election not to do so, it could enter into private contracts not subject to public control or regulation. In other words, appellant was not necessarily a public utility because its charter authorized it to become one in operation of its business, nor was it, under its charter, a public service corporation merely by the operation of a private business of the kind enumerated.''

The appellee was without right to question the power of the city to pass this ordinance granting the permission to appellant company to furnish gas to this particular consumer, since it had no exclusive franchise for supplying gas to the consumers of the city of Fort Smith. *El Dorado Gas Co.* v. *Coates,* 175 Ark. 289, 299 S. W. 355; *Natural Gas & Fuel Corp.* v. *Norphlet Gas & Fuel Co.,* 173 Ark. 174, 294 S. W. 52.

The complaint does not allege that any damage will be done to the property of appellee on Sixth Street, or that it owns any property abutting on Sixth Street at or near the point where the pipe line crosses said street, nor does it allege or attempt to prove any specific injury to its property on Sixth Street, or that the construction of the pipe line across such street would constitute a nuisance causing specific injury to its property, and it therefore had no standing as a property owner to enjoin its construction. *Packet Co.* v. *Sorrels,* 50 Ark. 466, 8 S. W. 683; *Welbourn* v. *Davis,* 40 Ark. 83; *Rufner* v. *Phelps,* 65 Ark. 410, 46 S. W. 728.

No other taxpayer joined appellee in the demand for injunctive relief, and certainly the granting of the city's permission to cross its streets and alleys with the pipe line transporting gas to the Harding glass plant did not constitute ''an illegal exaction'' within the meaning of § 13, article 16, of the Constitution, authorizing appellee to bring the suit as a citizen and taxpayer to protect the inhabitants of the city against the use of

the permit. *Merwin* v. *Fussell,* 93 Ark. 336, 124 S. W. 1021; *Waldrop* v. *K. C. S. Ry.,* 131 Ark. 453, 199 S. W. 369, L. R. A. 1918B, 1081. Although the complaint alleges that the Citizens' Pipe Line Company is not required to pay the city 2 per cent. of its gross earnings from the sale of gas to the Harding Glass Company, which it was permitted to furnish under the ordinance, and, while the testimony shows that appellee company is required under the terms of its franchise to pay to the city 2 per cent. of its gross revenues derived from the sale of gas, appellee cannot complain that this is an illegal exaction on the part of the city, since it voluntarily contracted to pay such percentage of its revenues to the city in consideration of the grant of its franchise. Then, too, the city has authority, under act 124 of 1921, to make reasonable and fair rates to be charged by public utilities, and if the city should exercise this right and lower the rates authorized to be charged by appellee company, certainly it would furnish no ground for a taxpayer to complain in a suit in equity that he was injured because the amount received by the city under the 2 per cent. clause was less on account of the reduction of the rates.

Appellee did not attempt to have the ordinance reviewed by the circuit court as to its legality, validity or fairness within the 60 days allowed therefor under § 19 of act 124 of 1921.

It is next insisted that appellant company acquired no right under the ordinance, not having been organized as a corporation or accepted in writing, as such corporation, the permission granted, within the time allowed therefor. In answer to this it may be said that, even if the corporation was not organized before the passage of the ordinance, the permission had been applied for by those who, it was agreed, should represent it in petitioning the city council, and it was accepted by such individuals for the corporation as "president" and "secretary," and the corporation was legally organized before the expiration of the time granted for acceptance of its terms by the ordinance, and the same persons

who accepted the ordinance elected president and secretary of the corporation, and the undisputed testimony shows that no objection was or has been made by the city to such acceptance of the ordinance granting the permission to construct the pipe line, and, but for the wrongful issuance of injunction, the work thereon would have proceeded to completion already.

It follows that the court erred in holding the ordinance void and enjoining the appellants from proceeding with the construction of the pipe line under the permission granted by the city authorizing it to be done, and the decree must be reversed, and the cause remanded with directions to dismiss the complaint for want of equity, and for any further necessary proceedings in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.

MEHAFFY, J., dissents.