Meek *v.* Love.

4-5311                                    122 S. W. 2d 606

Opinion delivered December 19, 1938.

*Scott & Goodier,* for appellant.
*Neill Bohlinger,* for appellee.

SMITH, J. Appellee—plaintiff below—seeks by this suit to enjoin the erection and maintenance of a fence parallel with and extending into a road running through the center of section 22, township 6 north, range 20 west. It was alleged and the court below found the fact to be "That said road is a public thoroughfare by prescription," and upon this finding enjoined its obstruction. It is conceded that the erection of the fence operates to prevent the use of the road as such.

The testimony is conflicting as to whether the road had become public, and we are unable to say that the chancellor's finding on this question of fact is contrary to the preponderance of the evidence.

The grounds chiefly relied upon for a reversal are (1) that if the road had become public by prescription, it

had ceased to be so by nonuser, and (2) that appellee had no such special interest as entitled him to maintain this suit.

The excellent briefs filed by opposing counsel manifest a thorough investigation of our numerous cases on these subjects. It is conceded by appellant that a road may become public by prescription. We have numerous cases so holding; and we shall not review them, but it was held in the case of *McLain* v. *Keel,* 135 Ark. 496, 205 S. W. 894, that ". . . it is also equally well settled that the right to a public highway once established by limitation or prescription may be abandoned by non-user, and if so abandoned for a period of more than seven years, the right of the owner of the fee to re-enter and to thereby exclude the public from the use of the highway is restored."

The testimony is as conflicting as to whether the road had been abandoned as a public road as it was as to whether it had become a public road by prescription. But upon that question we are unwilling to disturb the finding of the court below as being contrary to the preponderance of the evidence. One of the strongest circumstances tending to show abandonment was that for a number of years the road had not been worked under the directions of the county court as a public road. It was held in the case of *Brumley* v. *State,* 83 Ark. 236, 103 S. W. 615, that "The fact that the road overseers had not repaired or worked a road within seven years did not constitute an abandonment of the road by the public." There was testimony in the instant case to the effect that road overseers had not worked the road for a longer period of time than seven years; but, under the authority of the case just quoted from, this was a circumstance to be, and which has been, considered in connection with other testimony upon that issue, without being conclusive of it.

The remaining question is whether appellee had such a special interest as entitled him to bring suit in his own name to enjoin the obstruction of the road. Our leading case on this subject appears to be *Wellborn* v. *Davies,* 40 Ark. 83, where the right was denied. The headnote in that case reads as follows: "Injunction may be main-

tained by a private person against the creation or continuance of a private nuisance even where the damages are merely nominal; and also against a public nuisance from which he suffers a special and peculiar injury not common to the citizens generally. But in regard to enclosures of a public highway and other nuisances of a public nature affecting a common right, the remedy is by indictment, or by proceedings of some public officer on behalf of the public and for the common benefit.'' But that case recognized the right of the citizen who had suffered a special or peculiar injury to maintain such a suit.

The court below found the fact to be ''That said road constitutes the means of ingress and egress to plaintiff's land, and that plaintiff has an especial interest in said road and is entitled to maintain this action.'' The testimony appears to support this finding. It is to the effect that with the road in question closed to the public appellee will be required to travel about two and one-half miles farther to reach his farm, and that he can do so even then only by using the field turn rows of adjacent owners for a distance of more than half a mile. The use of these turn rows is permissive, and might be withdrawn at any time, in which event appellee would be without means of access to his land. This, we think, constitutes a special interest within the meaning of the cases requiring that interest to be shown as a condition upon which injunctive relief will be granted. *Ruffner* v. *Phelps,* 65 Ark. 410, 46 S. W. 728; *Citizens Pipe Line Co.* v. *Twin City Pipe Line Co.,* 178 Ark. 309, 10 S. W. 2d 493.

The decree is correct, and is, therefore, affirmed.