CITY OF FORT SMITH, Arkansas and the
CITY OF VAN BUREN, Arkansas *v.* ARKANSAS
PUBLIC SERVICE COMMISSION

82-238                                      648 S.W.2d 40

Supreme Court of Arkansas
Opinion delivered March 7, 1983
[Rehearing denied April 25, 1983.]

*Daily, West, Core, Coffman & Canfield* and *Conrad Pugh,* for appellants.

*Lee McCulloch,* Asst. Counsel, Arkansas Public Service Commission, for appellee.

*Gill, Skokos, Simpson, Buford & Owen, P.A.,* for *amicus curiae* Arkansas Municipal League.

JOHN I. PURTLE, Justice. The Pulaski County Circuit Court affirmed the Public Service Commission's order no. 4, as amended by order no. 9, which directed public utilities in Arkansas to eliminate from their base rates municipal utility or franchise taxes. The orders required the utilities to collect such taxes solely from the utilities' customers located within the levying municipality. On appeal appellants unsuccessfully argue that such levies are not taxes, that the order is discriminatory, in violation of the equal protection clause of the Constitution, and the order is arbitrary and capricious.

On February 7, 1980 the PSC issued order no. 4 and later amended it by order no. 9 dated July 16, 1981. The order, as amended, prohibited utility companies from including municipal taxes in their base rates. The utilities had previously included such charges in the base rate applied to customers thoughout the territory served by the utility. Public hearings were held prior to the issuance of the PSC orders. Appellants filed a petition for review on May 5, 1980 which was prior in time to order no. 9. The later order was

essentially to change the date of implementation of the order. The PSC gave timely notice of its intention to consider the elimination of municipal taxes from the base rates of utilities in future rate cases.

The hearing was set for May 30, 1979 in the hearing room of the commission, Justice Building, Little Rock, Arkansas. Written comments concerning the proposed amendments were invited from interested parties. Many utilities and municipalities submitted written statements or had a representative appear at the public hearing. Most of the comments by the utilities felt it was a good idea to collect these levys from the residents of the levying authority and to reflect on the utility bills the amount which was collected for taxes on behalf of the taxing authorities. The appellants protested strongly at the hearing. The matter was appealed to the Pulaski County Circuit Court where the order was affirmed in its entirety. There is no need to discuss the testimony presented to the PSC because the issue in this case does not turn on the weight of the evidence or credibility of the witnesses. Therefore, no further factual background will be set out.

The issue involved in this case is whether the PSC has authority to issue the order appealed from and whether such authority was used in an arbitrary or capricious manner or in violation of the equal protection or due process clauses of the Constitution of the United States. The appellants argue that the "franchise fee" charged is in the nature of a contract and is not a tax. Such contractual charges, it is alleged, are in exchange for rights of way and franchises furnished by the municipalities. Appellants rely primarily on Ark. Stat. Ann. § 19-2319 (Repl. 1980). This statute authorized municipalities to contract, on behalf of their inhabitants, with a utility to construct and operate such utilities within municipal boundaries. *El Dorado* v. *Coats,* 175 Ark. 289, 299 S.W. 355 (1927). Act no. 164 of 1977 (Ark. Stat. Ann. §§ 73-202 a and b (Repl. 1979) divested cities and towns of all rate making authority and vested it in the PSC. The present change is not in the nature of a contract but is a rate charge to customers of the utility.

Appellants rely upon the case of *Natural Gas & Fuel Corp.* v. *Norphlet Gas & Water Co.*, 173 Ark. 174, 294 S.W. 52 (1927) to sustain their argument that a franchise fee is a contractual charge. The last cited case dealt with a franchise to furnish utilities to a city. There is no mention in the case of the fees imposed after a utility receives a franchise. Appellants also argue that municipalities have the right to establish terms and conditions upon which public utilities may be permitted to operate within the borders of said municipalities. It is true that Ark. Stat. Ann. § 73-208 (Repl. 1979) grants this power to municipalities. However, Ark. Stat. Ann. §§ 73-202a and 73-202b clearly divest the cities and towns from having any jurisdiction to fix or determine rates, and grant exclusive jurisdiction to the PSC in rate making matters. Therefore, neither the case cited nor the statute relied upon support the argument of the appellants. We are not here considering a franchise fee but rather an assessment in the nature of a tax imposed upon the residents by way of what is sometimes referred to as a "franchise tax."

Appellants insist that it is proper for a utility to include these fees or taxes in the rate base for all of the utility subscribers. Appellants argue that requiring all utility subscribers to pay the same amount or rate for services constitutes equal treatment under the law. On the other hand, they insist that if only municipal residents pay for the increased costs (imposed by the municipalities) such treatment is discriminatory to residents. We agree that an essential requirement of equal protection is that there must be a rationally related or legitimate state interest. However, this does not mean that a utility serving adjoining cities must require residents of both cities to pay the same rate or tax on utilities. If there is any basis for argument that order no. 4 is discriminatory it is on the side of those living outside the municipality levying the assessment. We agree with the PSC that municipal fees or taxes, assessed upon resident utility users, should be paid by the residents of the assessing municipality.

Finally, appellants argue that order no. 4, as amended by order no. 9, was made arbitrarily and capriciously and without any factual basis. The General Assembly of the State

of Arkansas has delegated investigation and rate making authority to the PSC. Ark. Stat. Ann. §§ 73-202a & b and 73-215 (Repl. 1979). There is no dispute but that the PSC is the fact finder in such cases and that in performing its legislatively delegated function of rate making the PSC has broad discretion. In *Arkansas Power & Light Co.* v. *Arkansas PSC,* 226 Ark. 225, 289 S.W.2d 668 (1956) it was stated:

> Once a fair hearing has been given, proper findings made and other statutory requirements satisfied, the courts cannot intervene in the absence of a clear showing that the limits of due process have been overstepped. If the Commission's order, as applied to the facts before it and viewed in its entirety, produces no arbitrary result, our inquiry is at an end.

We have repeatedly held that if the commission's order is supported by substantial evidence in the record, and there is neither fraud nor arbitrariness, then this court must confirm the findings of the commission. *Arkansas Power & Light Co.* v. *Arkansas PSC,* supra. *See also, S.W. Bell Tel. Co.* v. *Arkansas PSC,* 267 Ark. 550, 593 S.W.2d 434 (1980); *Arkansas Power & Light* v. *Arkansas PSC,* 261 Ark. 184, 546 S.W.2d 720 (1977); *Inc. Town of Emerson* v. *Arkansas PSC,* 227 Ark. 20, 295 S.W.2d 778 (1956). The judicial branch of the government must defer to the expertise of the commission. *Fisher* v. *Branscum,* 243 Ark. 516, 420 S.W.2d 882 (1967). The PSC is a creature of the legislature and in rate making it is performing a legislative function, by delegation. It was created by the General Assembly and possesses the same power as the General Assembly while acting within the powers conferred upon it. *S.W. Bell Tel. Co.* v. *Arkansas PSC,* supra.

There is no question that the charges here under consideration are in the form of taxes no matter whether called by another name or not. Pursuant to order no. 4 these taxes will be divided and apportioned to the residents and taxpayers residing (or owning property) within the corporate limits of the taxing authority. There has been no showing that the orders of the PSC are arbitrary and capricious and the orders are supported by substantial

evidence. We must, under the law, affirm the order of the PSC requiring public utilities to eliminate from their base rate structure assessments made by municipalities in the nature of local taxes or franchise fees.