ARKANSAS POWER & LIGHT Company
et al *v.* ARKANSAS PUBLIC SERVICE
COMMISSION

76-94                                      546 S.W. 2d 720

Opinion delivered February 28, 1977
(In Banc)

*House, Holmes & Jewell,* for appellants.

*Lawrence E. Chisenhall, Jr.,* Gen. Counsel, Arkansas Public Service Commission, for appellee.

*Jim Guy Tucker,* Atty. Gen., by: *Frederic L. Frawley,* Asst. Atty. Gen., for Amicus Curiae.

DAVID N. LASER, Special Justice. Appellant, Arkansas Power & Light Company (AP&L) is an Arkansas public utility within the meaning of Act 324 of 1935, and is subject to regulation by the Arkansas Public Service Commission (Commission). This act requires that the Commission must approve any change in rate schedules of a public utility. Pursuant to Ark. Stats. Ann. Sec. 78-217, as amended, AP&L submitted an application to the Commission on March 18, 1974, for authority to change certain rates and charges in schedules filed with the Commission. AP&L placed the rates filed pursuant to the application into effect, under bond and subject to refund, on September 1, 1974, and these rates remained in effect until superseded by newly filed rate schedules on November 17, 1975. The hearings in this case on the requested rate increase were quite lengthy, commencing

on October 21, 1974, and, after eighteen days of hearings, adjourning on January 7, 1975. Suffice to say that the length of the hearings and the complexities and collateral issues raised in the course of the hearings produced a very cumbersome and voluminous record before the Commission, comprised of over thirty-eight hundred pages of printed words, and in addition thousands of figures contained in various exhibits. Much of the testimony before the Commission consisted of the testimony of expert witnesses, primarily accountants representing both AP&L and the Commission. Much of this testimony dealt with mixed issues of law and fact and went into the record in the form of opinion evidence, projections, statistical analyses, etc. In addition to the participation by AP&L and the staff of the Commission, additional parties were granted leave to intervene in the proceeding, and most of these parties were represented by counsel and took an active role in the proceedings. These additional parties included Arkansas Community Organizations for Reform Now (ACORN), Reynolds Metals Company, Arkansas Consumer Research, Associated Industries of Arkansas, City of North Little Rock, the Attorney General's office and Little Rock Air Force Base. The request for the rate increase by AP&L was in essence motivated by the general inflationary trends over the past few years and its effects upon the company's operations as well as the rapidly expanding construction programs, arguably necessary to meet the needs of Arkansas electric consumers. AP&L argued that the requested rate increases were necessary for the fruther reasons that AP&L had incurred or would be required to incur in the future increased capital costs for the financing of construction programs and, additionally, claimed an inability to earn an adequate rate of return under the existing rate schedule under which AP&L was operating. AP&L contended, based on a number of reasons, that a $38,600,000 rate increase was required in order to fix an appropriate base and rate of return for AP&L to earn on its rate base. On March 14, 1975, the Commission entered its Order, granting AP&L $20,155,055 of the $38,-600,000 requested. Following this ruling by the Commission, AP&L filed an application for rehearing with the Commission, citing numerous errors alleged to have been made by the Commission. Additionally, other applications for rehearing were filed by other parties involved in the action. None of the applications for rehearing were acted upon by the Commis-

sion and, in accordance with Ark. Stats. Ann. Sec. 73-229.1, the applications for rehearing were deemed denied. Whereupon, AP&L and other parties to the proceeding filed Petition to Review, Partially Set Aside and Modify the Order of the Commission with the Pulaski County Circuit Court. All of the Petitions to Review were consolidated for hearing with AP&L's appeal by the Pulaski County Circuit Court, and said Court affirmed the Commission's Order in all respects. From that Order, AP&L has appealed to this Court. An Amicus Curiae Brief was filed in this action by the Attorney General's office, which brief essentially supports the position taken by the appellee, the Arkansas Public Service Commission. Basically, three points for reversal were argued by the appellant, although in AP&L's original Petition with the Commission and in its application for rehearing, AP&L raised several additional issues. These additional issues have been waived or abandoned as relates to this appeal.

It is the position of appellant, AP&L, that the determination by the Commission of the Company's earnings and revenue deficiency was based on an arbitrary and erroneous assessment by the Commission of estimated future growth in retail sales. Secondly, AP&L contends that the Commission erred in failing to eliminate, for rate-making purposes, certain tax benefits associated with construction work in progress and, thirdly, that the Commission erred in refusing to recognize the working capital allowance for AP&L, in that the Commission deducted a negative working capital figure from AP&L's rate base. The judicial scrutiny by this Court of the Commission's decisions is limited by legislation which recognized the need for a specialized tribunal to handle the complex and technical field of utility regulation. Under applicable statutes, the Commission has been granted broad discretion, as a fact-finding body, in determining what amount constitutes the fair rate of return for the utility consistent with the public interest. As relates to the scope of review of this Court, Ark. Stats. Ann. Sec. 73-229.1 (b) provides in pertinent part:

> "The finding of the Commission as to the facts, supported by substantial evidence, should be conclusive. The review shall not be extended further than to determine whether the Commission's findings are so sup-

ported by substantial evidence, and whether the Commission has regularly pursued its authority, including a determination of whether the Order or decision under review violated any right of the complainant under the Constitution of the United States or of the State of Arkanaas."

This Court has held that the Commission must and does have broad powers in regard to rate-making, and that the Commission is a fact-finding body. Furthermore, the Commission is a creature of the Legislature as relates to the administration of Act 24. This Court's review of the Commission's findings on the record before the Commission is limited pursuant to Ark. Stats. Sec. 73-229.1 (b), supra, and as stated in *Arkansas Power & Light Company* v. *Arkansas Public Service Commission*, 226 Ark. 225, 289 S.W. 2d 668 (1956), to a determination of whether or not there is any substantial evidence in the record before the Commission to support the Commission's findings, and if such substantial evidence is found and the Commission's decision is free from fraud and not arbitrary, then this Court has no alternative but to affirm the findings of the Commission, even though this Court might not agree with the wisdom of the Order. See *City of Fort Smith* v. *Southwestern Bell Telephone Company*, 220 Ark. 70, 247 S.W. 2d 474. Limiting our scope of review in accordance with these decisions and the applicable statutes, we proceed to dispose of the issues herein presented.

Based upon the record before this Court and considering the complexities of the issues involved and the exhibits and expert testimony presented, this Court cannot state that the Commission's assessment of the estimated future growth in retail sales, in determining the Company's earnings and revenue deficiency, was not supported by substantial evidence. We therefore find that the Commission's assessment of future growth and retail sales, in determining the Company's earnings and revenue deficiency, was supported by substantial evidence, and was not arbitrary, capricious nor erroneous.

By the same token, from a review of the record before us, we cannot state that the Commission's decision with regard to the working capital allowance and non-investor's supplied

capital was either arbitrary or capricious, and we find that the Commission's handling of that matter was supported by substantial evidence, and that the action of the Commission in that regard should be affirmed.

As to the Commission's failure to eliminate for rate-making purposes certain tax benefits, including alleged investment tax credits associated with construction work in progress, we must respectfully differ with the Commission's finding in this regard, and it is the finding of this Court that there is no substantial evidence in the record to support the Commission's failure to eliminate, for rate-making purposes, tax benefits associated with construction work in progress. The Company's filing with the Commission included construction work in progress in the rate base, and allowed for funds used during construction in net utility operating income, and AP&L strongly urged the Commission to include construction work in progress in the rate base, citing the alleged deteriorated bond coverage ratios of the company and other factors which AP&L felt required the inclustion of construction work in progress in the rate base, and allowance for funds used during construction in net utility operating income. The Commission disallowed the inclusion of construction work in progress in the rate base and, while AP&L disagreed with the Commission's decision on the construction work in progress issue, the ruling with regard to the inclusion of construction work in progress in the rate base is not argued on appeal. However, in the company presentation and the inclusion of construction work in progress in the rate base, AP&L also included the tax benefits associated with interest deductions attributable to funds invested in construction work in progress as a reduction in cost of service to the customer. As hereinabove stated, the Commission excluded construction work in progress from the rate base, but did not exclude the tax benefits associated with interest on funds invested in construction work in progress for rate-making purposes. This tax benefit takes the form of reduced income taxes resulting from deductions from taxable income to the extent of interest charged to finance the construction program. Also included were certain investment tax credits utilizable in the event that construction work in progress was included within the rate base. By exclusion of construction work in progress from the rate base and yet continuing to include tax benefits

associated with construction work in progress, the result is that present customers are not paying any return on the investment of the Company in construction work in progress, and are therefore not contributing revenues needed to cover the cost of providing service, and yet the Company is required to continue to provide service which necessitates an ongoing program of construction work in progress. It appears that this same basic question was presented to the Pennsylvania Public Utility Commission in *Pennsylvania Public Utility Commission v. Pennsylvania Electric Company*, 1 Pur. 4th 272, 301 (Penn. Puz. 1973). In that case, the Company argued that if construction work in progress was excluded from the rate base and the present customers were therefore not providing a return on the investment therein, the present customers should not receive the benefits associated with the reduced income taxes. The Commission agreed with the position of the Company, and stated:

> "Respondent believes that since construction work in progress is not included in rate base, present customers are not providing a return on this item and should not receive the tax benefit of the reduced income taxes. Also, construction work in progress creates a penalty in earnings since it is non-return producing. Since construction programs are at an all-time high and it is not unusual for these construction dollars to remain non-return producing for a number of years, we agree with the respondent."

Therefore, we find that the tax benefits associated with construction work in progress must be eliminated for rate-making purposes, inasmuch as construction work in progress was excluded from the rate base. Based upon the record before us, it appears that our reversal of the Commission's ruling, as relates to this point, requires that AP&L be afforded a $7,530,000 upward adjustment in rate relief. The effect of the tax investment credit is a matter to be considered when the construction becomes a part of the rate base.

From a reading of the record filed herein and the briefs of the respective parties, it appears obvious to this Court that the issues presented to the Public Service Commission were indeed complex, and that much of the testimony presented by

many of the parties on various sides was, to say the least, confusing and based on variable criteria and that substantive criteria determinative of the rate-making issues were at times inconsistent and in certain areas sorely lacking. There seems to be little question that the Commission has, on different occasions, approved different methods of accountings and methods of computation of rates of return, etc. The same applies to the proof as presented by the Company. While this Court recognizes that it may be quite difficult to establish hard and fast substantive rules to be followed and utilized in determining a fair rate of return in cases of this type, it would seem that a more uniform application of established and predictable criteria would lead to a fairer result as well as a result that is explainable to persons of average intelligence and understandable from the standpoint of the ultimate consumer.

The Judgment of the Pulaski County Circuit Court is therefore affirmed except as relates to the inclusion of tax benefits associated with construction work in progress, and the cause is remanded to that Court for the purpose of affording AP&L the additional relief as required by this Opinion.

ROY, J., not participating.