# SOUTHWESTERN BELL TELEPHONE COMPANY
## *v.* ARKANSAS PUBLIC SERVICE COMMISSION

CA 87-202                                          751 S.W.2d 8

Court of Appeals of Arkansas.
En Banc
Opinion delivered June 1, 1988

*Richard C. Hartgrove; Garry S. Wann; Durward D. Dupre; T. Michael Payne;* and *Friday, Eldredge & Clark,* by: *Herschel Friday* and *Jeff Broadwater,* for appellant.

*Lee McCulloch*, for appellee.

DONALD L. CORBIN, Chief Judge. On December 17, 1986, this court reversed and remanded a decision of the Arkansas Public Service Commission because of the Commission's inconsistent treatment of investment tax credits (ITC) and accumulated deferred income taxes (ADIT) in its calculation of appellant's cost of capital. *Southwestern Bell Tel. Co.* v. *Arkansas Pub. Serv. Comm'n*, 19 Ark. App. 322, 720 S.W.2d 924 (1986). On March 17, 1987, a hearing was held by the Commission pursuant to our remand, after which the Commission adopted a capital structure calculation which resulted in a reduction of appellant's rate of return from 9.76% to 9.71%. The Commission's action thus reduced Bell's net annual revenue requirement by approximately $736,000.00, from which Bell appeals. We find no error and affirm.

Appellant contends that the appellee's treatment of ITC and ADIT on remand is contrary to our earlier directives in *Southwestern Bell*, where we ordered the Commission to recalculate the appellant's appropriate rate of return, to give proper and consistent consideration to Investment Tax Credits and Accumulated Deferred Income Taxes, and to apply the methodology selected in a consistent manner. There, we held the use of total company ITC and ADIT (along with total-company equity and debt which, apparently, are not susceptible of calculation on a jurisdictional basis) in a capital structure calculation which included Arkansas-only customer deposits was inconsistent and improper. This court's opinion plainly directed the Commission to recalculate appellant's rate of return and to consistently apply the methodology selected.

After remand, total-company funding sources were used throughout appellant's capital structure calculation. Appellant, however, disagrees with the use of total company amounts to derive an allowable rate of return for its Arkansas rate base. Instead, it urges that ITC, ADIT, and customer deposits attributable to Arkansas only should be separated and used in the calculation. The appellee, on the other hand, contends that its use of total company amounts throughout the cost of capital calculation complies with this court's directive of consistency. We agree with the appellee. The primary basis for reversal in that case was

using Arkansas-only customer deposits on the one hand while using total company ITC and ADIT in the same calculation, despite the fact that ITC and ADIT were as readily identifiable as to their origin as were customer deposits.

The Commission has wide discretion in choosing its approach to rate regulation, and we do not advise the Commission as to how to make its findings or exercise its discretion. Only if we find the findings of the Commission to be unsupported by substantial evidence or that the Commission has abused its discretion may we reverse. *Federal Power Comm'n* v. *Hope Natural Gas Co.*, 320 U.S. 591 (1944); *General Tel. Co. of the Southwest* v. *Arkansas Pub. Serv. Comm'n*, 23 Ark. App. 73, 744 S.W.2d 392 (1988); *Walnut Hill Tel. Co.* v. *Arkansas Pub. Serv. Comm'n*, 17 Ark. App. 259, 709 S.W.2d 96 (1986). The Public Service Commission is free, within the strictures of its statutory authority, to make the pragmatic adjustments which may be called for by particular circumstances. No public utility has an absolute right to any method of valuation or rate of return, and the PSC has wide discretion in its approach to rate regulation. This court is generally not concerned with the method used by the Commission in calculating rates as long as the Commission's action is based on substantial evidence. It is the result reached, and not the method used, which primarily controls. If the Commission's decision is supported by substantial evidence and the total effect of the rate order is not unjust, unreasonable, unlawful or discriminatory, judicial inquiry terminates. *Southwestern Bell*, 19 Ark. App. at 327, 720 S.W.2d at 927; *Southwestern Bell Tel. Co.* v. *Arkansas Pub. Serv. Comm'n*, 18 Ark. App. 260, 715 S.W.2d 451 (1986); *Walnut Hill Tel.*, 17 Ark. App. at 265, 709 S.W.2d at 99.

Arkansas Code Annotated Section 23-2-423 (1987) defines our scope of review:

(3) The finding of the commission as to the facts, if supported by substantial evidence, shall be conclusive.

(4) The review shall not be extended further than to determine whether the commission's findings are supported by substantial evidence and whether the commission has regularly pursued

its authority, including a determination of whether the order or decision under review violated any right of the petitioner under the laws or Constitution of the United States or of the State of Arkansas.

Appellant's allowable rate of return was derived through what is called the "weighted cost of capital" approach. An application of this method involves the accumulation of the sources of funds available to a company, a derivation of the costs associated therewith (i.e., interest charges, dividend expenses, etc.), and a calculation of the relative proportions of each funding source to the total. The "weighted" cost of capital is then derived, and that figure becomes the allowed rate of return on rate base which the company is permitted the opportunity to earn on its investment. The capital structure adopted by the Commission from which appellant's rate of return was derived in this case is as follows:

| Component | Proportion | Cost | Weighted Cost |
|---|---|---|---|
| Long-term debt | .3482 | .0938 | .0327 |
| Short-term debt | .0209 | .1044 | .0022 |
| Common equity | .4588 | .1350 | .0619 |
| Customer deposits | .0049 | .0635 | .0003 |
| ADIT | .1663 | -0- | -0- |
| ITC | .0009 | -0- | -0- |
| WEIGHTED COST OF CAPITAL | | | .0971 |

The above figures and costs are those attributable to the entire company's[1] capital structure.

The appellant claims that the Commission's action in this case runs afoul of something it calls the "Theoretically Equivalent Rule." In *Southwestern Bell*, 19 Ark. App. at 324, 720 S.W.2d at 925, we discussed the concept of theoretical

---

[1] Besides Arkansas, Southwestern Bell serves Kansas, Oklahoma, Texas and Missouri, and also has interstate operations subject to federal regulation.

equivalence, not from the standpoint of an intractable "rule," but rather from the posture of observation. We stated:

> Both parties agree that ITC's and ADIT's can and should be given regulatory treatment in either one of two "theoretically equivalent" methods: (1) a deduction from rate base, or (2) inclusion in the company's cost of capital calculation as a cost-free source of capital. The second method was employed in this case by the Commission. In the first method, the amount of tax benefit attributable to Arkansas plant and equipment would be derived from the company's accounts and deducted from the company's rate base. In the second method, the tax benefits are included in the cost of capital calculation, or an adjustment is made to account for the tax benefit after the company's cost of capital is calculated without the benefits being included.

This case involves the second method of treatment. Appellant mistakenly reads too much into this court's taking note of the concept that the two methods for treatment of ITC and ADIT in ratemaking are theoretically equivalent and argues that this court's directive to the Commission on remand required an application of what appellant calls the "Theoretically Equivalent Rule."

In the case at bar, the Commission determined that the entire company's funding sources are available to it to fund its Arkansas rate base and are not susceptible of separation on a jurisdictional basis. This is based on the notion of "fungibility" of funds.[2] We cannot say that the Commission's cost of capital calculation in this case is not supported by substantial evidence nor that it runs afoul of our directive on remand. We require simply that all the elements involved in a calculation of a company's cost of capital be given consistent treatment. Here, all the funding elements involved in appellant's cost of capital calculation were derived on a total company basis. Such treat-

---

[2] In *Southwestern Bell*, 19 Ark. App. at 327, 720 S.W.2d at 927, we observed that the concept of fungibility of funds holds that, once dollars are pooled into the funds of a multi-state utility, they cannot later be traced back to a particular source in a particular state.

ment is consistent.

Appellant relies on *Arkansas Power & Light Co.* v. *Arkansas Public Service Commission*, 261 Ark. 184, 546 S.W.2d 720 (1977), and *Russellville Water Co.* v. *Arkansas Public Service Commission*, 270 Ark. 584, 606 S.W.2d 552 (1980), as requiring "consistency among the elements of the ratemaking formula." *Russellville* involved the Commission's refusal to amortize or normalize savings and tax benefits associated with its amortization of certain extraordinary expenses over a period of time. Similarly, *AP & L* involved the Commission's failure to eliminate from the rate formula certain tax benefits associated with construction work in progress which it had eliminated from the rate base. The instant case is different. This case simply involves a determination of appellant's overall cost of capital, which hinges upon an exercise of judgment as to what sources of capital are available to a utility to fund its operations.

Finally, appellant argues that the Commission's interpretation of this court's opinion in *Southwestern Bell*, 19 Ark. App. at 322, 720 S.W.2d at 924, was incorrect. In light of the above, we do not agree.

There being no error or abuse, the orders of the Commission are affirmed.

Affirmed.